COMMONWEALTH *vs.* SANFORD G. PARKER.

Essex. November 22. — 26, 1880. LORD & SOULE, JJ., absent.

At the trial of a complaint for the larceny of trawls, there was evidence that they were feloniously taken by the defendant at sea and brought by him to the shore, and were found in his possession, but it was in dispute whether the place from which they were taken was within three miles of the shore. The judge instructed the jury, if they found the defendant guilty, to find specially whether the trawls were taken at a spot more or less than three miles from the shore. The jury returned a verdict of guilty, and found specially that the trawls were not taken within three miles of the shore. The defendant alleged exceptions, which were allowed, and to which the judge appended a statement that by the words "three miles" all parties at the trial

understood one marine league to be intended; and that the only question intended to be reserved was whether, if the jury found that the trawls were feloniously taken at a place without the territorial limits of, and brought by the thief within, the Commonwealth, it was a continuing larceny. *Held*, that this question could not be decided upon the bill of exceptions; that the statement of the judge could not show what the jury understood; and that there had been a mistrial.

COMPLAINT charging the defendant with the larceny, on March 6, 1880, at Gloucester, of some "trawl gear," the property of certain persons named. Trial in the Superior Court, before *Putnam*, J., who allowed a bill of exceptions in substance as follows:

There was evidence tending to show that the trawls were feloniously taken by the defendant, but there was some doubt, upon the evidence, whether or not the place from which they were taken was within three miles of the shore. The owners testified that they placed them, for the purpose of taking fish, off Thacher's Island, which was within this county; and one witness testified that this place was between three or four miles from the shore. The trawls, when taken by the defendant, were brought by him to the shore, into Gloucester, within the county, and were found there in his possession.

The defendant asked the judge to instruct the jury, that, if they were not satisfied that the trawls were taken within three miles from the shore of Thacher's Island, they must acquit the defendant. The judge, for the purpose of settling the questions of fact in the case, declined so to rule; but instructed the jury, if they found the defendant guilty, to find, specially, whether the trawls were taken at a spot which was more or less than three miles from the shore of Thacher's Island at low-water mark. The jury returned a verdict of guilty, and found specially that the trawls were not taken within three miles from the shore.

The defendant alleged exceptions, which were allowed, and which were afterwards amended as follows: "I desire to amend the foregoing bill of exceptions by stating that by the words 'three miles' 'one marine league' was intended. It was so understood at the trial by all parties. The only question reserved and the only one intended to be reserved for the adjudication of the Supreme Judicial Court was, whether, if the

jury found that the 'trawl gear' were feloniously taken at a place without the territorial limits of the Commonwealth and brought by the thief within the county of Essex (it being conceded that Thacher's Island was within that county), it was a continuing larceny in said county. John P. Putnam, Presiding Justice."

*M. J. McNeirny*, for the defendant.

*G. Marston*, Attorney General, *& F. H. Gillett*, Assistant Attorney General, for the Commonwealth.

BY THE COURT. The question of law, which the presiding judge certifies to have been the only one intended to be raised, cannot be decided upon this bill of exceptions. It does not appear whether, at the time of the original felonious taking, the defendant was or was not more than a marine league from the shore, or was in an American or in a foreign boat or vessel. The only question of fact, upon which a special finding was asked of or made by the jury, was whether the place at which the goods were taken was more or less than three miles from the shore. The statement of the judge cannot show what the jury understood. There has been a mistrial.

*Verdict set aside and new trial ordered.*